# Exhibit E

BALDWIN MADER LAW GROUP

PATRICK BALDWIN, ESQ.
CHRISTOPHER MADER, ESQ.

516 NORTH SEPULVEDA BOULEVARD
MANHATTAN BEACH, CA 90266
(310) 363-2031

ADDITIONAL OFFICES
INDIAN WELLS, CA
MENLO PARK, CA

*Via E-Mail Only*

**CONFIDENTIAL AND PRIVILEGED
SETTLEMENT COMMUNICATION**

May 25, 2021

RE:  *Jocelyn Carter v. Jeffrey Spiegel and Ryan Spiegel*
<u>United States District Court, Northern District of California Case No.: TBD</u>

Dear Mr. Loftus:

Thank you for sending us a courtesy copy of the proposed Complaint in the above.

Apart from the obvious inaccuracies in the Complaint (*e.g.*, that Jeffrey Spiegel and Ryan Spiegel "reaped millions in 'commissions'"), the dispute is subject to arbitration pursuant to the terms of the Fortune Film Fund II, LLC Operating Agreement (a copy of which is attached hereto). As described in our previous letter to you, Sections 9.2 and 9.4 of the Operating Agreement require face-to-face mediation, and thereafter formal arbitration at the American Arbitration Association ("AAA"), of all disputes.

Despite the contrary assertion in your cover letter, Jeffrey Spiegel and Ryan Spiegel are members of Fortune Film Fund II, LLC (and even if they were not, the dispute would still be subject to the arbitration clause).

We hereby notify you that should your clients file the Complaint, our clients will move to compel arbitration and seek their attorney's fees and costs in connection with same.

Sincerely,

*[signature]*

Patrick Baldwin

Enc.

# Exhibit F

BALDWIN MADER LAW GROUP

PATRICK BALDWIN, ESQ.  
CHRISTOPHER MADER, ESQ.

516 NORTH SEPULVEDA BOULEVARD  
MANHATTAN BEACH, CA 90266  
(310) 363-2031

ADDITIONAL OFFICES  
INDIAN WELLS, CA  
MENLO PARK, CA

June 21, 2021

*Via US Mail and E-mail*

LOFTUS & EISENBERG, LTD.
Alexander N. Loftus, Esq.
161 N. Clark Street, Suite 1600
Chicago, IL 60601
alex@loftusandeisenberg.com

ARON LAW FIRM
William Aron, Esq.
15 W. Carrillo Street, Suite 217
Santa Barbara, CA 93101
bill@aronlawfirm.com

RE: *Jocelyn Carter v. Jeffrey Spiegel and Ryan Spiegel*
United States District Court, Northern District of California Case No.: 4:21-cv-03990

Dear Mr. Loftus and Mr. Aron:

Please consider this correspondence to be in the nature of a "meet and confer" on behalf Defendants Jeffrey Spiegel and Ryan Spiegel. Our firm does not typically threaten to seek FRCP Rule 11 sanctions (and we are not doing so in this letter). That being said, the Claims for Relief alleged in the Complaint fail to state a claim upon which relief may be granted. A non-exhaustive summary follows:

1. Plaintiff alleges that the District Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 USC §1332(d). However, for the Class Action Fairness Act to apply, the proposed class <u>must</u> exceed 100 members. 28 USC §1332(d)(5)(B). From January 1, 2018 to December 31, 2020, there were fewer than 100 investors in SAC Movie Fund One, LLC, Fortune Film Fund One, LLC, and Fortune Film Fund Two, LLC. Because Plaintiff cannot meet he 100 class member threshold, the Complaint must be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1).

2. Plaintiff alleges Claims for Relief sounding in fraud (in particular Violation of California Corporations Code §25401 and Negligent Misrepresentation), but fails to plead fraud with particularity as required by federal and California law. Notably, the Complaint never identifies <u>a single alleged misrepresentation</u> made by the Defendants. As such, the Complaint must be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

3.  In her Claim for Relief for Violation of California Corporations Code §25501.5, Plaintiff alleges that Defendants failed to register as a broker-dealer. However, Plaintiff fails to allege that Defendants received transaction-based compensation ("commissions") in connection with each investment, the receipt of which is the hallmark of a broker-dealer. Defendants never did receive "commissions," rather, SAC Advisory Group, LLC received a "carried interest" (a back-end participation, the hallmark of a venture capital investment). In all events, Plaintiff's allegations that Defendants were operating as a broker-dealer (and thus owed the duties of a broker-dealer) are inadequate. The Complaint must be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on this basis as well.

4.  Plaintiff's Complaint ignores the exculpatory terms of the Operating Agreements for the respective funds. Each Operating Agreement provides at Section 4.3:

    "No covered person (defined in the glossary as the 'manager') shall be liable, responsible, or accountable in damages to any member or the company for any act or omission performed or omitted by such covered person in good faith on the company's behalf and in a manner reasonably believed by such covered person to be within the scope of the authority granted hereby or any other agreement contemplated hereby between such covered person and the company, except for acts or omissions constituting gross negligence or willful misconduct ('covered act')."

    Additionally, Section 8.7 of the respective Operating Agreements, "No Deficit Restoration Obligations: No Liability for a Return of Capital," provides:

    "No member shall be personally liable for the return of all or any part of the capital contribution of any other member. Any such return shall be made solely from company property."

    Based on the foregoing terms of the respective Operating Agreements, Plaintiff cannot state a claim against Defendants individually. The Complaint must be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on this basis as well.

5.  All of the subscription documents and agreements relating to the investments were between the purported class members and SAC Advisory Group, LLC in its capacity as the Managing Member of the respective funds. The Complaint is replete with admissions that the Plaintiff dealt with SAC Advisory Group, LLC (*e.g.*, ¶¶52 and 53 of the Complaint). As such, the contractual relationship is between the purported class members and SAC Advisory Group, LLC (not the named Defendants). The Complaint must be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(7) because Plaintiff failed to include necessary parties.

6.  The parties' dispute is subject to mediation and then arbitration pursuant to the terms of the Operating Agreements of the respective funds. Sections 9.2 and 9.4 of those agreements require face-to-face mediation, and thereafter formal arbitration at the American Arbitration Association ("AAA"). Plaintiff's attempt to avoid the arbitration agreements by failing to name necessary parties is misguided. *Metalclad Corp. v. Ventana Envtl. Organizational P'ship* (2003) 109 Cal.App.4[th] 1705, 1713. Moreover, that the Complaint is styled as a class action does not relieve fund investors from their agreement to arbitrate disputes.

> While the United States Supreme Court held that a *class arbitration* may not be compelled to arbitration (*Stolt-Nielsen S. A. v. Animal Feeds Int'l Corp.* (2010) 559 U.S. 662, 687; and, *EEOC* v. *Waffle House, Inc.* (2002) 534 U.S. 279, 289), under California law a class action plaintiff may be compelled to *bilateral arbitration*. *Franklin v. Community Regional Medical Center* (E.D. Cal. 2019) 2019 WL 6701298; and, *Hughes v. S.A.W. Entertainment, Ltd.* (N.D. Cal. 2019) 2019 WL 2060769.

We do not want to be unduly confrontational. But it appears that the sole purpose of the lawsuit is to extract a settlement payment from the Defendants. We strongly encourage your clients to take a realistic look at the Complaint before proceeding any further.

Sincerely,

Christopher Mader