1  LOFTUS & EISENBERG, LTD.
   ALEXANDER N. LOFTUS, ESQ. (#630384)
2  161 N. Clark, Suite 1600
   Chicago, Illinois 60601
3  T:  (312) 772-5396
4  alex@loftusandeisenberg.com
   *Pro Hac Vice Applied for*
5
   ARON LAW FIRM
6  WILLIAM ARON, ESQ. (#234408)
7  15 W Carrillo St, Suite 217
   Santa Barbara, CA 93101
8  T: (805) 618-1768
   bill@aronlawfirm.com
9  *Attorneys for Plaintiff*

10

11  **UNITED STATES DISTRICT COURT—NORTHERN DISTRICT OF CALIFORNIA
    OAKLAND DIVISION**

12  JOCELYN CARTER, on behalf of a class of      Case No.: 21-CV-03990
13  similarly situated individuals,
                                                 **RESPONSE IN OPPOSITION TO
14                     Plaintiff,                 DEFENDANT'S MOTION TO COMPEL
                                                 ARBITRATION**
15           v.

16  JEFFREY SPIEGEL and RYAN SPIEGEL             Judge: Hon. Thomas S. Hixson
17                                               Courtroom: G – 15th Floor
                       Defendants.
18

19                    <u>**REPLY TO DEFENDANT'S SUPPLEMENTAL BREIF**</u>

20

21

22

23

24

25

26

27

28

1

Reply to Supplemental Brief                                           21-CV-03990

## I.   INTRODUCTION

Plaintiff made several arguments Defendants' attempt to compel arbitration of this Class Action, one of which was that Defendants were not themselves members of Fortune Film Fund II ("FF2"). Defendants vigorously argued that Jeffrey Spiegel was a member of FF2 but there was always some omission in the evidence presented of his membership. When pressed, Defendants have finally presented clear evidence that Jeffrey Spiegel was not himself a member and instead the "Living Trust of Jeffrey Spiegel" was a member. There is no dispute between the proposed Class and the Living Trust of Jeffrey Spiegel accordingly, in addition to the many other arguments against arbitration of this class action, the claim is not one arising from a dispute "between the Members...."

## II.   ARGUMENT

**The Arbitration agreement is limited to claims between members of FF2 and Jeffrey Spiegel is not a member of FF2.**

Defendants submit K-1 statements showing proof positive that the Living Trust of Jeffrey Spiegel ("the "Trust") was a member of FF2 rather than Jeffrey Spiegel personally. (Dkt # 23-1 pp. 24-48). There is no indication in the documents provided as to who the beneficiaries of the Jeffery Spiegel Living Trust are or even who the trustee is. What's more, the address and tax identification number are omitted from the documents presented further obfuscating what if any role Jefferey Spiegel has in FF2 or the Trust. *Id.*

The documents presented in "support" make clear that if Jeffrey Spiegel were himself a member, he would have provided K-1s issued to him personally. Instead, what is presented is documents evidencing a non-party Trust was a member in FF2 just as Plaintiff has argued.

No claims are made against the Trust. Plaintiff does not even know who the Trustee is and Plaintiff has no dispute with the Trust. Assuming *arguendo* Jeffrey Spiegel is Trustee he is not a member of FF2 and not liable as a member of FF2 by operation of law. *See* Cal Prob Code § 18000 ("a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary

Reply to Supplemental Brief                                                                 21-CV-03990

1   capacity"),; *See also Haskett v. Villas at Desert Falls,* 90 Cal.App.4th 864 [108 Cal. Rptr. 2d 888]

2   (2001) (""A trustee … cannot be held personally liable under section 18001 for any obligation arising

3   from his ownership or control of trust property, nor can he be held personally liable under section

4   18002 for any torts committed in the course of his administration of the trust").

5

6        Accordingly, since there is no dispute "between the Members" raised in the Complaint it is not

7   subject to the FF2 Arbitration Agreement.

8        Plaintiff, JOCELYN CARTER, on behalf of a class of similarly situated individuals,

9   respectfully request this Court Deny Defendants, JEFFREY SPIEGEL and RYAN SPIEGEL motion

10   to Compel Arbitration.

11   Dated:  December 17, 2021                    Respectfully submitted,

12
                                                 **LOFTUS & EISENBERG, LTD.**
13

14                                               By:    /s/*Alexander N. Loftus*
                                                        Alexander N. Loftus
15                                                      Attorneys for Plaintiff

     Alexander Loftus, Esq.
16   LOFTUS & EISENBERG, LTD.
     161 N. Clark, Suite 1600
17   Chicago, Illinois 60601
     T:  (312) 772-5396
18   alex@loftusandeisenberg.com
     *Pro Hac Vice*
19

20   William Aron, Esq.
     ARON LAW FIRM
21   15 W Carrillo St, Suite 217
     Santa Barbara, CA 93101
22   T: (805) 618-1768
     bill@aronlawfirm.com
23

24

25

26

27

28

3

Reply to Supplemental Brief                                          21-CV-03990