Loftus & Eisenberg, Ltd.
Alexander N. Loftus, Esq. (#630384)
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: (312) 772-5396
alex@loftusandeisenberg.com
*Pro Hac Vice Applied for*

Aron Law Firm
William Aron, Esq. (#234408)
15 W Carrillo St, Suite 217
Santa Barbara, CA 93101
T: (805) 618-1768
bill@aronlawfirm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT—NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JOCELYN CARTER, on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY SPIEGEL and RYAN SPIEGEL<br><br>Defendants. | Case No.: 21-CV-03990<br><br>RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES<br><br>Date: 3/10/2022<br>Time: 10:00 a.m.<br>Judge: Hon. Thomas S. Hixson<br>Courtroom: G – 15th Floor |

### RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR FEES AND COSTS

## I. INTRODUCTION

This is a class action claim against Defendants who managed a fund that provided capital to a Ponzi Scheme. Defendants claimed an arbitration agreement applied to the class action claim but could not demonstrate the arbitration agreement actually applied to the parties until after two rounds of supplemental briefing. Nonetheless, despite the challenges in articulating the right to compel arbitration Defendants now prematurely claim over $100,000 in attorneys' fees before having prevailed on any claim.

Premature. *First*, under Civil Code Section 1717, a party's entitlement to fees and costs cannot be evaluated until all claims arising from the contract containing the fees provision have been adjudicated. Where, as here, a lawsuit contains multiple claims arising from the same contract, it is impossible to determine which, if any, party "prevailed" in the lawsuit until all of the contract claims have been resolved. *See, e.g., Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995*); Scott Co. of California v. Blount, Inc.*, 20 Cal. 4th 1103, 1109 (1999); *Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal. App. 4th 515, 541 (2012); *Davis Moreno Constr. v. Frontier Steel Bldgs. Corp.*, 2011 U.S. Dist. LEXIS 21781, at *9-12 (E.D. Cal. Mar. 4, 2011); CAL. CIV. CODE 1717(b)(1) (court may "determine that there is no party prevailing on the contract for purposes of this section"). Although Defendants eventually prevailed in sending the case to arbitration, there has been no decision on the merits of any claim referring or relating to the Operating Agreement. Resolution of those claims is necessary to determine whether Defendants prevailed on the action arising from the Operating Agreement.

*Second*, in determining the amount of fees and costs to award to the ultimate prevailing party, courts are encouraged to consider the parties' overall and relative success on all claims under the specific contract giving rise to fees. See, e.g., *EnPalm, LLC v. Teitler Family Trust*, 162 Cal. App. 4th 770, 774 (2008). Here, the actual claims have not been adjudicated and there has been no final order

entered. Without knowing the results of all claims referring or relating to the Operating Agreement, the Court cannot determine the parties' overall and relative success and, therefore, is unable to quantify a "reasonable" award under the circumstances.

*Third*, pursuant to section 1717(c) the court is required to deduct from any fee award to Defendants the amount of damages Defendants may be ordered to pay Carter if she prevails on her non-contract damage claims. CAL. CIV. CODE 1717(c). Here, the claims are all off contract and allege common law and statutory violations in selling securities to fund a Ponzi Scheme. (Dkt. 1 (claims 1, 2, 9, and 10).) Until these non-contract claims are adjudicated, the Court is unable to determine if there is an obligatory offset and, if so, by how much. In analogous circumstances, courts have deferred ruling on fees and costs in a lawsuit like this one. *See Woodmen Acc. & Life Ins. Co. v. Bryant,* 784 F.2d 1052, 1057-58 (10th Cir. 1986); *Virginia Panel Corp. v. Mac Panel Co.*, 887 F. Supp. 880, 886 (W.D. Va. 1995).

<u>Unreasonable</u>. Defendants' request for over $100,000 in fees is unreasonable. A motion to compel arbitration should reasonably take several hours to prepare a simple brief, compile the relevant supporting documentation, and then prepare a reply brief. A reasonably efficient firm could do this in ten hours. An inefficient firm could double this and take twenty hours. Even spending a whopping forty hours (at a blended rate of $500 per hour) would only amount to $20,000 in fees. Based upon Defendants' counsel's representation that they incurred $107,000 in attorneys' fees, that amounts to over 200 billable hours!

A review of counsel's bill gives a glimpse into how they accomplished this feat. The process of compelling arbitration should not require numerous, extensive, hours-long reviews of the complaint, legal memoranda, meetings, phone calls, emails, and letters. This is precisely what is wrong with the billable hour model. It incentivizes firms creating work and, purportedly, incurring over $100,000 in preparing a simple motion to compel arbitration. The motion presented narrow issues that were only

complicated by Defendants' inability to articulate Jeffrey Spiegel's ownership interest. It would be unreasonable to reward Defendants for creating the multiplicity of briefing. Besides that, it would be unreasonable to expect Plaintiff to incur the fees of a party that was unable to articulate the applicability of the arbitration agreement until three rounds of briefing. If it took the Court three rounds of briefing on the issue, not only was Defendant clearly failing to articulate the applicability of the arbitration agreement to the Court, but to Plaintiff as well.

<u>No Prejudice</u>. There is no urgency or prejudice to Defendants. The Court should deny Defendants' motion without prejudice. If the merits of the claim are resolved in Defendants' favor these issues can be resolved after that resolution.

**II.     ARGUMENT**

**A.  Defendants' Request Is Premature.**

It is too early to conclude that Defendants are the "prevailing party" on all claims arising from the Operating Agreement and, therefore, are entitled to an award of over $100,000 in attorneys' fees and costs. Given the remaining arbitration proceedings, the Court is not in a position to determine whether [1] Defendants necessarily are the "prevailing party" on all claims arising out of the Operating Agreement; [2] to consider reducing Defendants' request because they partially prevailed on all contract claims and, if so, by how much; nor [3] to offset Defendants' request for fees against any damages that might be awarded in favor of Plaintiff or a class on its non-contract claims. Because of the substantial expense and burden that a full proceeding on Defendants' request will necessitate—and the fact that there will be another "fee proceeding" after arbitration—the Court should deny Defendants' motion without prejudice or stay the motion until a final determination of all claims bearing on the entitlement or amount of fees.

### 1. No Prevailing Party Can be Identified Until All Claims Arising From the Operating Agreement Have Been Resolved.

Defendants admit they seek an award of attorneys' fees and (non-taxable) costs pursuant to paragraph 9.12 of the Fortune Film Fund, Two, LLC Operating Agreement and California Civil Code Section 1717. (Dkt. 34 at 8.) However, except for a single paragraph on pages 8 and 9 of their memorandum, Defendants do not analyze Section 1717 or its requirements. Under section 1717, the "prevailing party" may recover "[r]easonable attorney's fees" in "any action on a contract, where the contract specifically provides that attorney's fees and costs … shall be awarded to the prevailing party…" CAL. CIV. CODE 1717(a). The statute defines "prevailing party" as "the party who recovered a greater relief in the action on the contract." Id. at 1717(b). Courts have interpreted this statutory definition to require the adjudication of all claims under the contract before entitlement to attorneys' fees can be determined. *See, e.g., Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995) ("The prevailing party determination is to be made only upon final resolution of the contract claims …."); *Davis Moreno Constr. v. Frontier Steel Bldgs. Corp.*, 2011 U.S. Dist. LEXIS 21781, at *9-12 (March 4, 2011 E.D. Cal.) (it is "indisputably premature" to move for attorneys' fees when all the contract claims have not yet been resolved*); Reed v. Val-Chris Inv., Inc.*, 2012 U.S. Dist. LEXIS 73982, at *10-11 (S.D. Cal. May 25, 2012) ("[B]ecause the merits of Plaintiff's contract claims are still being litigation in state court, there has been no 'party prevailing under the contract' as required by 1717(a)"); RUTTER, CAL. CIV. APP. 14:127.1 ("Fees cannot be awarded under [Cal. Civ. Code] 1717 until a final disposition of the entire litigation."). So, for example, if this lawsuit contained only a single claim arising from the Operating Agreement—e.g., the interpretation of the applicability of the arbitration provision— the Court would be in a position now to say Defendants prevailed. See Hsu, 9 Cal. 4th at 876 ("Here, the judgment was a 'simple, unqualified win' for the Abbarras on the only contract claim between them and the Hsus.") (emphasis added). However, because this lawsuit contains multiple claims arising from the same Operating Agreement, the Court cannot determine which party—if any

party—"prevailed" in the lawsuit until all of the claims arising from the Operating Agreement have been resolved. That is because in so-called "mixed judgment cases"—where a party wins some contract claims but loses others—the court may take relative success into account for purposes of determining a reasonable fee award, see *infra*, or may "determine that there is no party prevailing on the contract for purposes of this section." CAL. CIV. CODE 1717(b)(1) (emphasis added).

As the California Supreme Court summarized the process:

> When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney's fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims. If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees. In deciding whether there is a party prevailing on the contract, the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources.

*Scott Co. of California v. Blount, Inc*., 20 Cal. 4th 1103, 1109 (1999) (emphasis added); accord *Frog Creek Partners, LLC v. Vance Brown, Inc*., 206 Cal. App. 4th 515, 541 (2012) ("[W]hen the results of the litigation are mixed [the trial court must] compare the relief awarded on the contract claim or claims with the parties demands on those same claims and their litigation objectives.").

Here, *nothing* has been resolved; the arbitrator may even determine the claims are not arbitrable and send the case back. No one has prevailed on anything yet. Plaintiff may prevail at arbitration in a claim to void or rescind the agreement creating the right to arbitration. Plaintiff may similarly prevail on her underlying claims in the arbitration and be declared the prevailing party there. That is why a determination that Defendants are the prevailing party puts the cart before the horse—and is precisely why Section 1717, *Hsu*, *Scott*, and the other cases prohibit courts from awarding fees to a "prevailing party" until all claims on the contract have been adjudicated. *See Scott Co. of California*, 20 Cal. 4th at 1109; *accord Frog Creek Partners, LLC v. Vance Brown, Inc*., 206 Cal. App. 4th 515, 541 (2012)

("[W]hen the results of the litigation are mixed [the trial court must] compare the relief awarded on the contract claim or claims with the parties demands on those same claims and their litigation objectives." Therefore, "the prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions."); *Butler- Rupp v. Lourdeaux*, 154 Cal. App. 4th 918, 928 (2007) ("In cases where [Section 1717's] definition of 'prevailing party' applies, the identification of the party entitled to a fee award must be determined by the final result of the litigation…"); cf. *In re Estate of Drummond*, 149 Cal. App. 4th 46, 51 ("[T]he phrase 'prevailing on the contract' … implies a strategic victory at the end of the day, not a tactical victory in a preliminary engagement.").

*Davis Moreno Construction v. Frontier Steel Buildings, Corp*., is on point. 2011 U.S. Dist. LEXIS 21781 (E.D. Cal. Mar. 4, 2011). In that case, the contractor, Davis, sued its subcontractor, Frontier, for breach of contract and allegedly violating a California statute prohibiting unlicensed subcontractors from entering into contract agreements. *Id*. at *2-4. Frontier counterclaimed, arguing that because it was not licensed, it was immune from suit. *Id*. The court granted Davis' motion for summary judgment on its licensing claim and against Frontier on its counterclaim. *Id*. At that point, Davis sought its attorneys' fees incurred in connection with the licensing claims pursuant to California Civil Code Section 1717. *Id*. at *7. Assuming that the licensing claims were "on the contract" and that Section 1717 does not require a complete judgment under Rule 54, the court rejected Davis's request for fees as "indisputably premature." *Id*. at *9-12, n.2.

Like this Court's order staying this claim in favor of arbitration, the Davis court's summary judgment ruling "did not resolve all of the contract claims at issue in this action." *Id*. The unresolved contract claims, the court held, could result in neither party prevailing on the contract or, "depending on the outcome of trial, [Frontier] could establish that it is the prevailing party 'on the contract.'" *Id*. (emphasis in original). Similarly, here, Plaintiff could establish that she is the prevailing party by

prevailing of her claims in the arbitration. Thus, the Court has no meaningful ability to assess overall results or account for "equitable concerns." *See id.*; *see also Jackson v. Homeowners Assoc. Monte Vista Estates-East*, 93 Cal. App. 4th 773, 787 (2001) (court has "broad equitable discretion to determine which party prevailed, or to determine that there was no prevailing party in a particular situation") (citation omitted); *Sears v. Baccaglio*, 60 Cal. App. 4th 1136, 1158 (1998) (citation omitted) ("Civil Code section 1717's definition of prevailing party depends upon an equitable determination of which party obtained 'a greater relief in the action' … and permits the court to find no party prevailed."); *Shih v. Lien*, 2011 WL 3525418 (Ct. App. 1st Dist. Aug. 11, 2011) (finding no prevailing party and awarding no attorneys' fees after assessing overall results and "taking into account equitable concerns").

Defendants ask the Court to ignore this plain authority and their commonsense principles because, in Defendants' view, by redirecting the claims to arbitration, they have prevailed. This is a shortsighted and simple view. Simply put, this case was stayed, not dismissed and Defendants have yet to prevail. Defendants do not cite a single case in their brief for the proposition that they are the "prevailing party" at this early juncture. In fact, the cases Defendants cite provide no more than the general standard the Court should apply in determining the reasonableness of attorneys' fees. A determination that they are the "prevailing party" is a threshold issue that Defendants simply do not address.

**2. The Court Cannot Assess Relative Overall Success Without Adjudication the Arbitration.**

A related reason why the Court should not entertain Defendant's fee request at this time is because, in "mixed judgment cases," the court is encouraged to consider the prevailing party's overall level of success in determining the amount (reasonableness) of the fee award. *See, e.g. EnPalm, LLC v. Teitler Family Trust*, 162 Cal. App. 4th 770, 774 (2008) (relative "success or failure" is factor in "determin[ing] the amount of a reasonable fee"). For example, a party that wins two of three contract

claims in a lawsuit may have "prevailed," but the court has discretion to reduce the amount of fees requested to be commensurate with the partial success. Here, until all claims arising out of the Operating Agreement have been decided, the Court is unable to determine how much (if any) to award Defendants.

### 3. California Civil Code Section 1717(c) and Judicial Efficiency Also Preclude An Award of Fees At This Time.

California Civil Code Section 1717(c) provides:

> In an action which seeks relief in addition to that based on contract, if the party prevailing on the contract has damages awarded against it on causes of action not on the contract, the amounts awarded to the party prevailing on the contract under this section shall be deducted from any damages awarded in favor of the party who did prevail on the contract.

CAL. CIV. CODE 1717(c) (emphasis added).

Here, Plaintiff asserts "causes of action not on the contract" and those claims— such as negligent misrepresentation, statutory violations in selling securities, and unjust enrichment—could result in damages awarded against Defendants. Until those non-contract claims are adjudicated, this Court cannot offset any damages awarded against the fees being requested by Defendants on the operating agreement claims.

Defendants' do not forecast a determination on those non-contract claims. Although Section 1717(c) does not explicitly address the circumstance where, as here, certain claims are stayed pending ruling in another forum, the principles enunciated in *Hsu, Scott, Davis Moreno*, and other cases discussed above apply with equal force. Because the Court is required to offset any fees awarded to Defendants for their "victory" in moving the case to another forum against damages Defendants may be ordered to pay Plaintiff on the merits of the claims, it makes sense and is far more efficient to address the fee requests after final determination of all damages claims.

Courts have done just that in the analogous "cost to prevailing party" situation. For example, in *Woodmen Acc. & Life Ins. Co. v. Bryant*, 784 F.2d 1052, 1057-58 (10th Cir. 1986), Woodmen sued

Bryant for declaratory relief and Bryant counterclaimed for breach of contract, fraud, and other torts. The district court [1] granted Woodmen summary judgment on its declaratory relief claim and some, but not all of Bryant's counterclaims; [2] granted Bryant a 54(b) partial judgment so he could immediately appeal the order; and [3] awarded Woodmen costs as "prevailing party" on the claims for which partial judgment had been ordered. On appeal, the court held that the order awarding costs was premature:

> We believe logic dictates that, unless the trial court—as part of its Rule 54(b) certification—directs taxing and apportionment of costs, the time for taxing costs begins to run only from the entry of what would ordinarily be a final judgment as to all parties and all issues. To hold otherwise would unnecessarily complicate matters. For example, in the instant case, Bryant may succeed on his remaining claim for relief and, thus, be entitled to costs as a "prevailing party"… We believe the trial court should have the freedom to adjust any cost awards at least until there has been a final judgment as to all parties and all issues….

*Woodme*n, 784 F.2d at 1057-58 (initial emphasis in original).

A similar partial judgment situation recently arose in *Ebonie S. v. Pueblo School Distric*t, 2011 WL 3889252 (D. Colo. Sept. 1, 2011). Like *Woodmen*, the district court determined that "[a]lthough certain claims and defendants have been dismissed from this case" and there was a Rule 54(b) partial judgment, the "taxation of costs at this stage of the case is premature." The court recognized that "the Plaintiff has two claims going forward against the remaining Defendant school district," which could "entitl[e] her to an award of costs as the prevailing party." Accordingly, "it is in the interests of fairness and judicial economy to wait until a final order on all claims and all issues before taxing and apportioning costs in this case." *Id*. at * 2; *Virginia Panel Corp. v. Mac Panel Co*., 887 F. Supp. 880, 886 (W.D. Va. 1995) ("[F]uture events could affect the amount of costs awardable to a prevailing party. Accordingly, VPC's motion for costs is denied as premature."). *Woodmen* and *Ebonie* addressed the timeliness of a cost award in the absence of a contract providing for attorneys' fees to a prevailing party. But the principle articulated in those cases—that it would be wasteful and inefficient to decide awards based on a "prevailing party" piecemeal before relevant claims have been adjudicated—apply

Response to Motion to Compel Arbitration 21-CV-03990

with even more vigor here given the unresolved claims under the Operating Agreement and other non-contract theories of recovery that could give rise to offsets against any fee award in favor of Defendants. *See* CAL. CIV. CODE 1717(c).

**B. Defendants' Seek an Unreasonable Amount of Fees and Costs.**

In a case cited by Defendants, the Court explains "the fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. 'California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award.'" *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) citing *Margolin v. Regional Planning Com.*, 134 Cal. App. 3d 999, 1004-1005 (1982).

Over the course of nine months, Defendants' counsel purportedly managed to incur over $107,000 in fees, which, at a blended $500 hourly rate, would amount to 214 hours spent on a simple, straightforward motion to compel arbitration. They accomplished this by not only preparing a motion and reply brief, but by (1) necessitating two rounds of supplemental briefs, (2) performing hours-long reviews of the complaint, (3) preparing inexplicable legal memoranda, (4) holding meetings, (5) having extensive phone calls, (6) and sending frequent letters and emails. They even began to accumulate and account for hours before the complaint was filed, which is no doubt outside the realm of recovery for prevailing on a motion related to the complaint. Furthermore, the Defendants should not be compensated for time spent addressing the merits of the claims presented that have yet to be litigated. Obviously, the bulk of the work here would be on the merits of the claims rather than the very narrow issue litigated. Some discovery would be necessary to assess what if any other work was done on the merits of these claims.

The process of determining an appropriate award of attorneys' fees will require the parties and the Court to sift through this mountain of information to analyze the myriad of entries. Central to the

analysis are the issues of whether and to what extent it was reasonable to incur over 200 hours on a simple, straightforward motion and the extent of overlap and other inefficiencies.

In the event the Court determines that Defendants' request for fees is ripe, Plaintiff respectfully requests the opportunity to address these issues, including the opportunity to submit expert evidence. Before preparing this response, Plaintiff asked Defendants if they would defer filing a fees application without prejudice to raising any fees-related issues. Defendants declined.

Plaintiff, JOCELYN CARTER, on behalf of a class of similarly situated individuals, respectfully request this Court Deny Defendants, JEFFREY SPIEGEL and RYAN SPIEGEL motion to Compel Arbitration or in the alternative grant limited discovery on whether Defendants are in fact members of Fortune Film Fund II.

Dated: February 11, 2022

Respectfully submitted,

**LOFTUS & EISENBERG, LTD.**

By:    /s/*Alexander N. Loftus*
       Alexander N. Loftus
       Attorneys for Plaintiff

Alexander Loftus, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: (312) 772-5396
alex@loftusandeisenberg.com
*Pro Hac Vice Applied*

William Aron, Esq.
ARON LAW FIRM
15 W Carrillo St, Suite 217
Santa Barbara, CA 93101
T: (805) 618-1768
bill@aronlawfirm.com