UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN CARTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY SPIEGEL, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-03990-TSH<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 34 |

Plaintiff Jocelyn Carter sued Defendants Jeffrey and Ryan Spiegel for negligent misrepresentation, securities fraud and unjust enrichment. ECF No. 1. The Court granted Defendants' motion to compel Plaintiff to arbitrate her claims against them. ECF No. 33.[1] Defendants now move for attorneys' fees pursuant to paragraph 9.12 of the Operating Agreement for Fortune Film Fund, Two, LLC ("FF2"), which states that "[i]n the event of any litigation, arbitration or other dispute arising as a result of or by reason of this Agreement, the prevailing party in any such litigation, arbitration or other dispute shall be entitled to, in addition to any other damages assessed, its reasonable attorneys' fees, and all other costs and expenses incurred in connection with settling or resolving such dispute." ECF No. 34-1, Ex. A.

The central dispute that divides the parties is whether Defendants are prevailing parties under California Civil Code section 1717(a), which states in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 13, 14.

party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

There is a split in authority on this issue. *Compare Benjamin, Weill & Mazer v. Kors* ("*Kors*"), 195 Cal. App. 4th 40, 73-80 (2011) (holding that a motion to compel arbitration filed in a pending lawsuit is an "action on the contract" for purposes of section 1717 and that a defendant who successfully compels arbitration is a prevailing party who may immediately seek attorneys' fees), *with Roberts v. Packard, Packard & Johnson*, 217 Cal. App. 4th 822, 830-43 (2013) ("Based on the plain meaning of section 1717, we conclude that a petition to compel arbitration filed in a pending lawsuit is not an 'action,' and attorney fees cannot be awarded to the prevailing party, if any, until the requests for relief – the causes of action – are ultimately resolved," and summarizing and analyzing the conflicting case law on this issue).

The weight of authority seems to focus on the fact that when a motion to compel is filed and granted in a pending lawsuit, the claims asserted in the case have not yet been adjudicated, so as a logical matter it's not yet known which side prevailed in the dispute. *See Roberts*, 217 Cal. App. 4th at 833; *Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal. App. 4th 515, 531 (2012). By contrast, when a petition to compel arbitration is filed as its own independent legal proceeding, the denial of the petition means that a discrete legal proceeding has terminated in the defendant's favor, so we know who the prevailing party is. *See Otay River Constructors v. San Diego Expressway*, 158 Cal. App. 4th 796, 808 (2008) ("Significantly, the merits of the contract claims under the Gap/Connector Contract that Otay sought to send to arbitration were not at issue in the court proceedings to compel arbitration and the fact that the parties will probably pursue these claims in another action does not lessen Expressway's victory in this discrete legal proceeding."). For similar reasons, when a lawsuit is filed seeking a declaration of nonarbitrability and an injunction against the arbitration, the grant of the motion to compel ends a discrete legal proceeding and there is a prevailing party. *See Turner v. Schultz*, 175 Cal. App. 4th 974, 983-84 (2009) ("defendants' entitlement to attorney fees in this legal action is independent of the outcome of the arbitration of the merits of the underlying dispute, and . . . we see no reason that an award of fees may not be made now. Irrespective of who becomes the prevailing party in

1  the subsequent arbitration, there was a prevailing party for purposes of section 1717 in this
2  discrete proceeding on the contract, and the trial court could properly award attorney fees.")
3  (citations omitted).

4        Similarly, some courts have held that when there is a fee-shifting provision that is specific
5  to enforcing an arbitration provision, the grant of the motion to compel makes it clear who
6  prevailed within the meaning of that provision, even if it is still unknown which side will prevail
7  on the underlying claims. *See Patterson v. Superior Court*, 70 Cal. App. 5th 473, 486 (2021);
8  *Acosta v. Kerrigan*, 150 Cal. App. 4th 1124, 1132 (2007) ("Kerrigan is not attempting to recover
9  attorney fees under a provision permitting an award of fees to the party prevailing on the merits of
10 a claim arising under the Occupancy Agreement. Rather, he is seeking fees incurred while
11 enforcing an independent provision of the contract, fees to which he is entitled even if he loses the
12 case on the merits in the arbitration.").

13       Of course, since there is a split in authority, other courts reject these distinctions. *See*
14 *Kors*, 195 Cal. App. 4th at 75-77 (does not make sense to distinguish between a petition to compel
15 arbitration as an independent proceeding vs. one filed in a pending case, and neither is it
16 significant if the fee-shifting provision is specific to the arbitration provision). Nonetheless, the
17 analysis in *Roberts* makes clear that *Kors* is an outlier in both treating a motion to compel filed in
18 a pending case as an action on the contract under section 1717 *and* holding that prevailing party
19 status in a general prevailing party fee-shifting provision can be determined at that point, before
20 the merits of the claims alleged in the complaint are decided.

21       In this case, the fee-shifting provision is not specific to efforts to enforce the arbitration
22 provision. As a reminder, it states: "In the event of any litigation, arbitration or other dispute
23 arising as a result of or by reason of this Agreement, the prevailing party in any such litigation,
24 arbitration or other dispute shall be entitled to, in addition to any other damages assessed, its
25 reasonable attorneys' fees, and all other costs and expenses incurred in connection with settling or
26 resolving such dispute." In granting Defendants' motion to compel, the Court concluded that
27 Plaintiffs' claims arise out of the FF2 Operating Agreement. ECF No. 33. Thus, Plaintiff's claims
28 are "litigation" and a "dispute," and a court-ordered "arbitration" "arising as a result of or by

reason of this Agreement," but they have not yet been adjudicated. Aside from *Kors*, California case law makes clear that we don't know yet who is the prevailing party under this general prevailing party fee-shifting provision.

Accordingly, Defendants' motion for attorneys' fees is denied.

**IT IS SO ORDERED.**

Dated: March 11, 2022

THOMAS S. HIXSON
United States Magistrate Judge